UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ERIC ARTEZ MOSES,<br><br>Defendant. | Criminal No. 11-253-01 (CKK)<br>Civil Action No. 13-526 (CKK) |

MEMORANDUM OPINION
(July 6, 2015)

On February 29, 2012, Eric Artez Moses ("Moses") pled guilty to one count of possession with intent to distribute five kilograms of cocaine or more and 280 grams of cocaine base or more, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Presently before the Court is Moses' *pro se* [204] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Upon a searching review of the parties' submissions,[1] the relevant authorities, and the record as a whole, the Court finds no grounds for setting aside Moses' conviction and sentence at this time. Accordingly, the Court shall DENY Moses' [204] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence for the reasons described herein.

I. BACKGROUND

On August 11, 2011, a federal grand jury indicted Moses and seven other codefendants in connection with an alleged conspiracy to distribute cocaine. Indictment (Aug. 11, 2011), ECF No.

---

[1] While the Court renders its decision today on the record as a whole, its consideration has focused on the following documents: Def.'s Mot. to Vacate Sentence ("Def.'s Mot."), ECF No. [204]; Def.'s Memo. in Support of Mot. to Vacate Sentence ("Def.'s Memo."), ECF No. [204]; Govt.'s Opp'n to Def.'s Mot. to Vacate Sentence ("Govt.'s Opp'n"), ECF No. [213]; Def.'s Memo. of Law in Support of Def.'s Resp. to the U.S.'s Opp'n to Def.'s 28 U.S.C. 2255 Motion ("Def.'s Reply"), ECF No. [214]; and transcripts of the proceedings.

1

[3]. Pursuant to the indictment, Moses was charged with conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base (21 U.S.C. § 846), one count of using, carrying, and possessing a firearm during a drug trafficking offense (18 U.S.C. §§ 2 & 924(c)(1)), and five counts of use of a communication facility (21 U.S.C. § 843(b) & 18 U.S.C. § 2). *See id.* On that same day, Moses was separately charged in a second case along with three codefendants in connection with an alleged conspiracy to distribute marijuana. *U.S. v. Moses*, No. 11-254-01 (CKK), Indictment (Aug. 11, 2011), ECF No. [3]. Specifically, Moses was charged in that case with one count of conspiracy to distribute and possess with intent to distribute marijuana (21 U.S.C. § 846) and 11 counts of use of a communications facility (21 U.S.C. § 843(b) & 18 U.S.C. § 2). *See id.*

On February 29, 2012, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Moses entered a written plea agreement, in which he agreed to plead guilty to one count of conspiracy to distribute and possess with intent to distribute five kilograms of cocaine or more and 280 grams of cocaine base or more in violation of 21 U.S.C. §§ 846, and 841(a)(1) and (b)(1)(A)(ii)-(iii) in the instant action. *See* Plea Agreement at 1, ECF No. [74]. Pursuant to the terms of the plea agreement, the parties agreed that the appropriate sentence of imprisonment should be 144 months (12 years). *Id.* at 2. After conducting a plea hearing, the Court accepted the plea agreement and, on May 23, 2012, the Court sentenced Moses to a term of 144 months imprisonment, with credit for time served, followed by 60 months of supervised release, and a Special Assessment of $100. Judgment, ECF No. [137]. As set forth on the record during the plea hearing, the 144-month term of imprisonment included the mandatory minimum of 120 months for the charged offense, plus 24-month sentence increase for gun possession. *See* Tr. 4:22—5:1, 57:9-11 (Feb. 29, 2012). Pursuant to the terms of the plea agreement, the Court dismissed all other charges pending against

Moses both in the instant case and in the second case described above. Moses did not appeal his sentence and conviction, and currently is serving the term of imprisonment.

Pending before the Court is Moses' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Moses' motion is premised on alleged legal errors and factual errors in calculating his sentence, and on receiving allegedly ineffective assistance from his counsel, Christopher M. Davis, during the plea bargain and sentencing phases of his case. Specifically, Moses alleges that: the imposition of the mandatory minimum sentence was an abuse of the Court's discretion and otherwise unconstitutional; there was insufficient evidence to support the increase to his sentence based on gun possession; the drug quantities that provide the basis of his sentence are in error; and his trial attorney provided ineffective assistance due to these three alleged errors.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in custody under sentence of a federal court may move the sentencing court to vacate, set aside, or correct its sentence if the prisoner believes that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The circumstances under which such a motion will be granted, however, are limited in light of the premium placed on the finality of judgments and the opportunities prisoners have to raise most of their objections during trial or on direct appeal. "[T]o obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Nonetheless, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect

3

thereto." 28 U.S.C. § 2255(b).

A prisoner may not raise a claim as part of a collateral attack if that claim could have been raised on direct appeal, unless he can demonstrate either: (1) "cause" for his failure to do so and "prejudice" as a result of the alleged violation, or (2) "actual innocence" of the crime of which he was convicted. *Bousley v. United States*, 523 U.S. 614, 622 (1998). However, "[w]here a petitioner raises claims of ineffective assistance of counsel in a § 2255 motion, he need not show 'cause and prejudice' for not having raised such claims on direct appeal, as these claims may properly be raised for the first time in a § 2255 motion." *United States v. Cook*, 130 F. Supp. 2d 43, 45 (D.D.C. 2000), *aff'd*, 22 F. App'x 3 (D.C. Cir. 2001) (citation omitted).

A defendant claiming ineffective assistance of counsel must show (1) "that counsel's performance fell below an objective standard of reasonableness under prevailing professional norms," and (2) "that this error caused [him] prejudice." *United States v. Hurt*, 527 F.3d 1347, 1356 (D.C. Cir. 2008) (citation omitted). "Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). It is the petitioner's burden to show that counsel's errors were "so serious" that counsel could not be said to be functioning as the counsel guaranteed by the Sixth Amendment. *Harrington v. Richter*, 562 U.S. 86, 104 (2011). In evaluating ineffective assistance of counsel claims, the Court must give consideration to "counsel's overall performance," *Kimmelman v. Morrison*, 477 U.S. 365, 386 (1986), and "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

### III. DISCUSSION

A district court may deny a Section 2255 motion without a hearing when "the motion and

files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "'The decision whether to hold a hearing is committed to the district court's discretion, particularly when, as here, the judge who is considering the § 2255 motion also presided over the proceeding in which the petitioner claims to have been prejudiced.'" *United States v. Orleans-Lindsey*, 572 F. Supp. 2d 144, 166 (D.D.C. 2008), *appeal dismissed*, No. 08-3089, 2009 U.S. App. LEXIS 20833 (D.C. Cir. Sept. 18, 2009) (quoting *Fears v. United States*, No. Civ. A. 06-0086 (JDB), 2006 WL 763080, at *2 (D.D.C. Mar. 24, 2006) (citations omitted)); *see also United States v. Agramonte*, 366 F. Supp. 2d 83, 85 (D.D.C. 2005), *aff'd*, 304 Fed. App'x 877 (D.C. Cir. 2008). "The judge's own recollection of the events at issue may enable him summarily to deny a Section 2255 motion." *Agramonte*, 366 F. Supp. 2d at 85 (citing *United States v. Pollard*, 959 F.2d 1011, 1031 (D.C. Cir. 1992), *cert. denied*, 506 U.S. 915 (1992)). To warrant a hearing, the petitioner's Section 2255 motion must "raise[] 'detailed and specific' factual allegations whose resolution requires information outside of the record or the judge's 'personal knowledge or recollection.'" *Pollard*, 959 F.2d at 1031 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

Based on a thorough review of the parties' pleadings and the entire record in the criminal proceeding, the Court finds that there is no need for an evidentiary hearing on the instant motion. As explained below, Moses has not proffered detailed and factual allegations outside of the record such that a hearing is required on the issues raised in his motion. Accordingly, the Court shall render its findings based on the parties' pleadings and the record.

Specifically, Moses raises four claims: the imposition of the mandatory minimum sentence was an abuse of the Court's discretion and otherwise unconstitutional; there was insufficient evidence to support the increase to his sentence based on gun possession; the drug quantities that provide the basis of his sentence are in error; and his trial attorney provided ineffective assistance

during the plea bargain and sentencing due to these three alleged errors. The Court shall address each of the first three claims in turn and examine the impact of each claim on the ineffective assistance of counsel argument.[2]

### A. *Mandatory Minimum Sentence*

Moses was sentenced pursuant to 21 U.S.C. § 841(b)(1)(A)(ii) and (iii), which provides that a defendant who is found guilty of possession with intent to distribute five kilograms of cocaine or more and 280 grams of cocaine base or more "shall be sentenced to a term of imprisonment which may not be less than 10 years or more than life . . . ." 21 U.S.C. § 841(b). In the instant motion, Moses alleges that the mandatory minimum sentence of 120 months that he is serving was improperly determined and, moreover, is unconstitutional. Def.'s Memo. at 4-15; Def.'s Reply at 5-6. Specifically, Moses appears to raise two arguments related to the 120-month mandatory minimum. First, Moses alleges that the mandatory minimum sentence was improperly imposed because the issue was not submitted to a jury. Second, Moses asserts that statutory mandatory minimum sentences are unconstitutional. In contrast, the Government argues that the mandatory minimum sentence was properly applied to Moses and that Moses' constitutional challenge is without merit in light of the fact that both the Supreme Court of the United States and the United States Court of Appeals for the District of Columbia Circuit ("D.C. Circuit") have held determinate sentences to be constitutional. Govt.'s Opp'n at 2-3. The Court finds that the mandatory minimum sentence was properly imposed on Moses following the Court's acceptance of the parties' plea agreement. Further, the Court finds that Moses' argument regarding the unconstitutionality of the mandatory minimum sentence fails as a matter of law. Moreover, to the

---

[2] Moses asserts an ineffective assistance of counsel claim with little specificity. As Moses proceeds *pro se*, the Court shall liberally construe the ineffective assistance of counsel claim. *See United States v. Henry*, 20 F. Supp. 3d 278, 281 (D.D.C. 2014).

extent that Moses is alleging that his counsel was ineffective for failing to explain the mandatory minimum sentence to him, the Court finds that this argument is without merit because it is clear from the record that Moses understood that he was subject to a 120-month mandatory minimum at the time he entered his guilty plea and that his plea covered all the requisite elements to subject him to the mandatory minimum sentence.

Turning first to Moses' argument regarding the alleged requirement that the issue of the mandatory minimum sentence be submitted to the jury, Moses cites *Alleyne v. United States*, -- U.S. --, --, 133 S. Ct. 2151, 2155 (2013), in support of this argument. The Court first notes that *Alleyne* was decided after Moses was sentenced. Nonetheless, for the reasons described, the Court finds that *Alleyne* is not an intervening change in law relevant to Moses' claims.

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum is an element of the crime and, as such, must be submitted to the jury and found beyond a reasonable doubt, as opposed to a sentencing factor considered by the judge. Here, unlike in *Alleyne*, Moses waived his right to a trial by jury and entered a guilty plea. In the context of a guilty plea, an element enhancing a sentence, such as the drug quantities in this case, must be admitted by the defendant through plea or otherwise. As discussed further *infra*, Moses accepted responsibility during his plea for the requisite quantity of drugs in order to be sentenced to the mandatory minimum of 10 years pursuant to 21 U.S.C. § 841(b). Waiver of Trial by Jury, ECF No. [72]; Tr. 11:19-25 (Feb. 29, 2012) (explaining that "unless amd until [the Court] accept[s] your guilty plea, you are presumed by the law to be innocent because it's the Government's burden to prove your guilt beyond a reasonable doubt, and until it does you can't be convicted at trial"); *id.* at 35:21—36:16 (explaining to Moses that he is subject to a mandatory minimum term of imprisonment of ten years under the statute). Accordingly, the Court finds this argument is without merit.

Moses next raises a general challenge to the constitutionality of mandatory minimum sentences, arguing that they prevent the imposition of individual sentences, violate principles of proportionality, remove judicial discretion in sentencing, encroach on his right to equal protection, flout the separation of powers, constitute cruel and unusual punishment, and are generally inequitable and unjust.[3]  Def.'s Memo. at 4-15.  The Supreme Court has acknowledged arguments against the wisdom of mandatory minimum sentences, while still holding them to be constitutional. *See Harris v. United States*, 536 U.S. 545, 568-569 (2002), *rev'd on other grounds*, *Alleyne*, 133 S. Ct. 2151; *see also Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (holding that mandatory life imprisonment without an individualized determination that the sentence was appropriate was not cruel and unusual under the Eighth Amendment).  The D.C. Circuit has similarly rejected claims that mandatory minimums are unlawful.  *United States v. Cook*, 594 F.3d 883, 890 (D.C. Cir. 2010); *United States v. Brown*, 859 F.2d 974, 977 (D.C. Cir. 1988).

Finally, the Court turns to Moses' argument that his trial counsel rendered him ineffective assistance by failing to object to the imposition of the mandatory minimum sentence for the reasons described above.  Here, the Court finds this argument is without merit because Moses has not established that his counsel's performance fell below an objective standard of reasonableness or that he was prejudiced by counsel's failure to raise either of these arguments.  *See Strickland*, 466 U.S. at 689. Indeed, as discussed above and further *infra*, it is clear from the record that Moses was properly sentenced to the mandatory minimum after he waived his right to trial and entered into a plea agreement that included all the requisite elements to convict Moses pursuant to 21

---

[3] To the extent that Moses argues that the Court imposed a sentence including the mandatory minimum, without considering the factors set forth in 18 U.S.C. § 3553(a), this contention is directly contradicted by the record at the sentencing hearing. Tr. 17:2-9 (May 23, 2013).

U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(ii)-(iii). Further, an ineffective assistance claim premised on Moses' trial counsel's failure to object to the overall constitutionality of mandatory minimum sentences similarly fails. Given that mandatory minimum sentences have been held to be constitutional, his counsel did not act unreasonably in failing to object when a question of law is settled. *See U.S. v. Williams*, 488 F.3d 1004, 1010 (D.C. Cir. 2007), *cert. denied* 552 U.S. 939 (2007) (holding that counsel's failure to object to conviction counting as "serious drug offense" was not unreasonable when the question was settled law in the circuit). Accordingly, the Court finds no basis to set aside or vacate Moses' sentence based on the alleged improper imposition of a mandatory minimum sentence or based on the related ineffective assistance of counsel claims.

**B.** *Drug Quantities*

Moses next challenges his 144-month sentence based in part on the drug quantities to which he was found accountable.[4] Def.'s Memo. at 17. Pursuant to 21 U.S.C. § 841(b)(1)(A)(ii) and (iii), a defendant who possesses with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, or 280 grams or more of a mixture or substance which contains cocaine base, is subject to a mandatory minimum sentence of 10 years imprisonment. In the instant motion, Moses argues that the sentence is improper because it was "founded upon 5 kilograms of cocaine and 280 grams of cocaine base," and appears to generally call into question the calculation of those amounts.[5] *Id.* However, during the plea hearing, Moses

---

[4] The Court notes that Moses did not discuss the drug quantity in his reply brief and, accordingly, it is unclear to the Court whether he abandoned his argument with relation to this issue. Nonetheless, in an abundance of caution, the Court shall address this argument.

[5] Moses also argues in his motion that "[t]he court was required to convert the drug to the equivalent weight in marijuana." Def.'s Memo. at 18. In calculating his base level offense, the Presentence Investigation Report reflects that the drug quantities were converted to the marijuana equivalency in order to calculate the advisory sentencing guideline range in this case. Presentence Investigation Report ¶ 37, ECF No. [100]. However, Moses was sentenced to the *statutory* mandatory minimum, not to a mandatory minimum based on the advisory sentencing guidelines.

admitted to possessing *at least fifteen kilograms* of cocaine and the Court noted the impact on his sentence:

> THE COURT: We're now moving to Paragraph 2, which is that **you're agreeing to – that you're accountable – in other words, you're responsible in terms of – from your own conduct to 15 kilograms but less than 50 kilograms of cocaine**.
>
> And this is important in the context of at least the advisory sentencing guidelines. **And this would represent the total amount of controlled substance involved in your relevant conduct, including amounts you distributed or possessed with the intent to distribute, and amounts that the co-conspirators did in this jointly undertaking [sic] criminal activity.** That you would have foreseen and would have been within the scope of the conspiracy.
>
> Do you understand and agree?
>
> THE DEFENDANT: Yes.

Tr. 37:19-38:7 (Feb. 29, 2012) (emphasis added). Further, the Court confirmed the requisite quantities with Moses during the plea hearing:

> THE COURT: Okay. That's what I was getting at. You're agreeing that the conspiracy, the agreement between you and the others that were involved in the selling of the cocaine, that you trafficked, in order words, that you sold or possessed with the intention of selling, **5 kilograms or more of powder cocaine, and 280 grams or more of crack cocaine?**
>
> THE DEFENDANT: **Yes, ma'am.**

*Id.* at 30:1-7 (emphasis added). Given that Moses admitted to possessing a far greater quantity of cocaine than the five kilograms required for the mandatory minimum sentence and 280 grams or more of crack cocaine, the Court finds Moses' claim that he was improperly sentenced to the 10-year mandatory minimum on the basis of these quantities to be without merit.[6]

---

[6] Moses claims that the 280 grams of cocaine base should have been calculated as 50.4 grams under the Fair Sentencing Act (FSA), 124 Stat. 2372 (2010). Def.'s Memo. at 17. While Moses is correct that the calculation of his drug quantities must be calculated under the Fair Sentencing Act which was effective August 3, 2010, both before the relevant criminal conduct in this matter occurred and before sentencing, the record reflects that Moses was sentenced based on the statute as amended by the FSA. *See* Indictment (Aug. 11, 2011), at 1 (indicating that the

Further, the record also reflects that the Court explained the sentencing consequences of pleading guilty to this conduct during the plea hearing:

> THE COURT: So, the first thing we – the letter indicated that you're pleading guilty to Count 1 in 11-253, and that's the conspiracy to distribute and possession with intent to distribute 5 kilograms or more of cocaine, powder cocaine, and 280 grams or more of cocaine base or crack cocaine.
>
> The statutory penalties and the importance of this is that the Court can never sentence you to more than that, but also it sets out – may set out some perimeters or requirements that the Court needs to follow in sentencing you. **But that charge carries with it a mandatory minimum of 10 years and a maximum of life.**
>
> Now, a mandatory minimum, the Court, unless there's some other way of getting out of the mandatory minimum, which I don't believe applies in your particular case, that the mandatory minute [sic] number means I have to sentence you to that. **So, I would not be in a position to sentence you to less than 10 years, which is 120 months.**
>
> . . .
>
> Do you understand so far?
>
> THE DEFENDANT: Yes, ma'am.

*Id.* at 35:16—37:16 (emphasis added). The record reflects both that Moses accepted responsibility for the requisite amount of drugs as part of his plea agreement and that he understood that he was subject to a mandatory minimum sentence of 10 years as a result. Accordingly, the Court finds

---

conspiracy to distribute and possess charge arose out of conduct "[f]rom on or about September 2010, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including August 11, 2011 . . ."). Indeed, "[t]he [Fair Sentencing] Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year minimum and from 50 grams to **280 grams in respect to the 10-year minimum** (while leaving powder at 500 grams and 5,000 grams respectively)." *See Dorsey v. United States*, -- U.S. --, --, 132 S. Ct. 2321, 2329 (2012) (emphasis added). Here, the record reflects that Moses was sentenced to the 10-year mandatory minimum under the revised provisions of the FSA, after he admitted to the requisite quantity of 5 kilograms or more of cocaine and **280 grams or more of cocaine base, in the form of crack cocaine**, as part of his plea agreement. *See* Factual Proffer at 4. Indeed, the "18-to-1" ratio for crack cocaine offenses referenced by Moses in his motion is reflected in the statute as amended by the FSA and as applied to him.

that the imposition of this sentence based on the drug quantities was proper.

To the extent that Moses raises this argument as the basis for an ineffective assistance of counsel claim, the Court similarly finds this argument is without merit. The standard for evaluating counsel remains the same in the plea negotiation stage as at trial: reasonable competence. *Premo v. Moore*, 562 U.S. 115, 126 (2011). Moreover, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Specifically, "in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Here, Moses cannot establish that his counsel's performance was deficient because it is clear that Moses accepted responsibility for the requisite amount of drugs under the statute and that the sentencing implications were explained to him prior to accepting the plea offer. Further, Moses cannot demonstrate that he was prejudiced by any alleged failure on the part of his counsel to object to the drug quantities because he has not asserted that he would have otherwise rejected the plea offer. Accordingly, the Court concludes that Moses' claim that he was improperly sentenced based on the drug quantities and his related ineffective assistance of counsel claim are without merit.

### C. Gun Possession Enhancement

In calculating the sentencing guideline range for a defendant who is convicted of violating 21 U.S.C. §§ 846, and 841(a)(1) and (b)(1)(A)(ii) and (iii), the offense level is increased by two levels if a dangerous weapon is possessed pursuant to U.S.S.G. § 2D1.1(b)(1) (2011). Here,

Moses, who was subject to that two-level increase, argues that there was insufficient evidence to support the gun possession enhancement to his sentence. Def.'s Memo. at 16-17. Moses claims that "the enhancement was founded upon a telephone conversation" in which Moses instructs a housemate to hide his firearm. Def.'s Memo. at 16; *see also* Factual Proffer at 3-4. The Government argues that the record, including the information set forth at the plea hearing, establishes sufficient grounds for the increase based on gun possession. Govt.'s Opp'n at 3-4.

The Factual Proffer related to the plea agreement, which Moses signed, states that Moses "carried, possessed, and used [a] firearm in furtherance of the drug trafficking conspiracy." Factual Proffer at 3. At the plea hearing, the prosecutor read from the Proffer stating: "Mr. Moses acknowledges and admits that during the course of the cocaine trafficking conspiracy that is charged in Count 1 of the indictment, he carried, possessed, and used this firearm in furtherance of the drug trafficking conspiracy." Tr. 18:5-18:9 (Feb. 29, 2012); *see also* Factual Proffer at 3-4. Immediately following the summary of the proffer, the Court inquired:

> THE COURT: Mr. Moses, if you could come back up. Do you have [the Proffer] in front of you? It makes it easier to go over it. Mr. Moses, let me just ask you generally, do you agree with it? Is there anything you don't agree with?
>
> THE DEFENDANT: Yes, I agree with it.

Tr. 21:10-21:15 (Feb. 29, 2012). The Court went on to question Moses:

> THE COURT: And do you agree and admit that during the course of your cocaine trafficking conspiracy, in other words, your selling of the cocaine, that you carried, possessed and used this firearm in furtherance of the drug trafficking conspiracy?
>
> THE DEFENDANT: Yes, ma'am.
>
> THE COURT: And the firearms was capable of expelling a projectile? In other words, it worked?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And was this gun in the context to be used for protection in terms

of the drug trafficking? I mean, was that the purpose of your having it?

THE DEFENDANT: No, it was in the home.[7]

THE COURT: **Well, when it was used in furtherance of the drug trafficking conspiracy, I take it that it was to protect the drugs. Is that correct?**

THE DEFENDANT: **Yes, ma'am.**

*Id.* at 29:9-25. As Moses acknowledged carrying, possessing, and using a firearm "to protect the drugs," the Court finds sufficient evidence to support the sentence increase for gun possession.

Moses, in his reply brief, claims that his understanding of the plea agreement was unclear because during the plea hearing, the Court stated that "what's going to be dismissed as part of the plea is Count 4, the using, carry and possession of a firearm during a drug trafficking offense." Def.'s Reply at 2 (quoting Tr. 7:11-13 (Feb. 29, 2012)). However, a review of the full record demonstrates that the Court was discussing dismissing Count 4 of the indictment, a count charging Moses with using, carrying, and possessing a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). With respect to the sentence increase based on the gun possession, the Court inquired of Moses whether he had any additional questions for the Court. After Moses indicated he did and the Court allowed Moses an opportunity to speak with his counsel, the Court clarified that Moses was subject to a sentence increase due to the gun possession even though the § 924(c) charge was being dismissed:

> MR. DAVIS [defense counsel]: The question is: If the gun is being dismissed in the 924(c) count, how does he still get excluded from the safety valve if they're dismissing it. **And I've explained that it counts because he's going to receive the 2 point bump in his drug calculation for the gun.**
>
> THE COURT: Because you agreed as part of your factual proffer that you had a gun that was possessed in connection with your – or in furtherance of the drug

---

[7] The Court notes that Moses in his reply brief cites to the transcript only up to this point. Def.'s Reply at 3. However, a review of the full record demonstrates that after this point Moses did in fact agree that he used the firearm "to protect the drugs."

14

trafficking offense. And that you had it for protection for the drugs.

So, in other words, the safety valve is a statutory thing, but it's also part of the calculation of the sentencing guidelines. If a gun in involved, it excludes you from being able to be considered under the safety valve.

THE DEFENDANT: Okay.

THE COURT: Even though they are dismissing the count. So, the count would have had, in addition, a five-year consecutive sentence mandatory minimum. So, that's gone. **But it's [sic] still affects the fact that you wouldn't be eligible for the safety valve.**

Do you understand?

THE DEFENDANT: Yes.

THE COURT: So, Mr. Moses how, do you plead to Count 1 in 11-cr-253, conspiracy to distribute and possession with intent to distribute 5 kilograms or more of powder cocaine and 280 grams or more of cocaine base or crack cocaine?

THE DEFENDANT: Guilty.

*Id.* at 57:7—58:9.  Given that Moses agreed to the terms of his sentence as part of his plea deal under Rule 11(c)(1)(C) and given that the record reflects an understanding of the impact of the gun possession on his sentence, the Court finds the sentence increase based on Moses' gun possession was not in error.

To the extent that Moses raises the gun possession increase as a basis for an ineffective assistance of counsel claim, the Court finds this claim without merit.  To succeed on an ineffective assistance of counsel claim, Moses must show that "counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and that this error caused prejudice." *Hurt*, 527 F.3d at 1356. "[W]hen evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show 'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial.'" *Lafler v. Cooper*, -- U.S. --,

15

--, 132 S. Ct. 1376, 1384-85 (2012) (quoting *Hill*, 474 U.S. at 59).  Here, Moses cannot establish that his counsel's performance was deficient because, as discussed above, the record clearly reflects that Moses was informed about the two-level increase both by his counsel and by the Court prior to accepting the plea offer.

Further, the Court cannot conclude that Moses was prejudiced by this alleged failure. While Moses asserts that he is prejudiced by the application of the two-level increase because he argues it was inapplicable to him, the Court has found that the factual proffer underlying Moses' plea agreement as well as his acceptance of guilt on the record formed a sufficient basis for the two-level increase.  Moreover, with respect to the ineffective assistance of counsel claim, Moses never asserts that he would not have accepted the plea offer if he had understood this was the basis for calculating the sentence despite the fact that the record reflects that this information was imparted to him.  As such, Moses has failed to establish prejudice under the *Strickland* standard. Accordingly, the Court finds that Moses' objection to the two-level sentence increase based on gun possession and his related ineffective assistance of counsel claim fail and do not provide a basis for the Court to set aside his sentence or conviction.

### D. Certificate of Appealability

When the district court enters a final order resolving a petition under 28 U.S.C. § 2255 that is adverse to the petitioner, it must either issue or deny a certificate of appealability.  Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 11(a).  By statute, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Such a showing demands that Moses demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve

encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). For the reasons set forth above, the Court concludes that Moses has failed to make that showing in this case, and, accordingly, no certificate of appealability shall issue from this Court. To the extent Moses intends to file an appeal, he must seek a Certificate of Appealability from the United States Court of Appeals for the District of Columbia Circuit in accordance with Federal Rule of Appellate Procedure 22(b).

## IV.  CONCLUSION

For the foregoing reasons, the Court finds no reason to set aside Moses' conviction or sentence at this time. Accordingly, Moses' [204] Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is DENIED. To the extent Moses intends to file an appeal, he must seek a Certificate of Appealability from the United States Court of Appeals for the District of Columbia Circuit in accordance with Federal Rule of Appellate Procedure 22.

An appropriate Order accompanies this Memorandum Opinion.

*This is a final, appealable order.*

                                                             _____/s/_____
                                                             **COLLEEN KOLLAR-KOTELLY**
                                                            UNITED STATES DISTRICT JUDGE