**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **Criminal No. 11-253-01 (CKK)** |
| ERIC ARTEZ MOSES, | |
| Defendant. | |

**MEMORANDUM OPINION**
(December 4, 2019)

On February 29, 2012, Defendant Eric Artez Moses ("Defendant" or "Mr. Moses") pled guilty to one count of Conspiracy to Distribute and Possess With the Intent to Distribute Five Kilograms or More of Cocaine and 280 Grams or More of Cocaine Base, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). On May 23, 2012, this Court sentenced Mr. Moses to a term of 144 months imprisonment, followed by 60 months of supervised release, which was agreed-upon by the parties in the plea agreement and based on a sentencing range of 135 to 168 months for a Criminal History Category I and an offense level of 33. *See* Plea Agreement, ECF No. 74, at 2; Sentencing Transcript, ECF No. 216. The mandatory minimum required by statute was 120 months. Mr. Moses did not appeal his conviction and sentence, and he is serving his term of imprisonment. Defendant is "currently projected to be released on January 28, 2022." Def.'s Mot., ECF No. 249, at 3.

Presently before the Court is Mr. Moses' [249] Motion to Reduce Sentence; the United States' [253] Response to the Defendant's Motion to Reduce Sentence; and the Defendant's [255] Reply to the Government's Response. In the instant case, the Defendant asks this Court to reduce his sentence to the mandatory minimum of 120 months, based on a guideline sentencing range that

1

has subsequently been lowered and made retroactive by the United States Sentencing Commission. The Government "does not oppose a reduction in defendant's sentence [but rather,] the government disagrees with defendant as to the appropriate reduction." Govt. Resp., ECF No. 253, at 1. The Government suggests a sentence of 128 months in light of the applicable United States Sentencing Guideline range of 108 to 135 months. Upon review of the parties' submissions,[1] the relevant authorities, and the record as a whole, the Court finds that Mr. Moses' sentence shall be reduced to 124 months incarceration followed by 60 months of supervised release. Accordingly, the Court shall GRANT IN PART AND DENY IN PART Mr. Moses' [249] Motion to Reduce Sentence for the reasons described herein.

Effective November 1, 2014, the United States Sentencing Commission amended and lowered the base offense levels by two points for almost all drug offenses. *See* U.S.S.G., Supplement to Appendix C, Amendment 782 (November 1, 2014). 18 U.S.C. § 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In this case, Amendment 782 reduces Mr. Moses's sentencing range from 135-168 months (Criminal History Category I, offense level of 33) to 108-135 months (Criminal History Category I, offense level of 31), and accordingly, the Court is authorized to reduce his sentence, although the mandatory minimum remains applicable.

---

[1] While the Court renders its decision today on the record as a whole, its consideration has focused on the following documents: Def.'s Mot. to Reduce Sentence ("Def.'s Mot."), ECF No. 249; the Govt's Resp. to Def's Mot. to Reduce Sentence ("Gov't Resp."), ECF No. 253; Def.'s Reply to the Govt's Resp. ("Def.'s Reply"), ECF No. 255.

Defendant asserts that he is "worthy [of] and eligible [for]" a reduction to 120 months in light of the record in this case. Defendant explains that he "earned his GED in November 2014 and has completed other programming and educational courses separate from his GED studying." Def.'s Mot., ECF No. 249, at 3. The Government contends however that because Mr. Moses' "agreed-upon sentence of 144 months was roughly at the midpoint of the applicable United States Sentencing Guideline range of 135 to 168 months of imprisonment," this Court should impose a sentence "proportionate to his original sentence," which it calculates as 128 months. Govt's Resp., ECF No. 253, at 1-2. The Government notes that, in determining Defendant's original sentence, this Court considered the "original range [ ], . . . [D]efendant's conduct, his minimal criminal history, his acceptance of responsibility, and the other factors set forth in 18 U.S.C. § 3553(a)[.]" Govt's Resp., ECF No. 253, at 2. The Government notes further that while the Defendant's adult criminal history is minimal, he does have a record of arrests and his "involvement in the instant offense established that he participated in selling large quantities of drugs over an extended period of time . . . [which was] enhanced by defendant's possession of a firearm in connection with the drug trafficking activities." *Id.* at 3.

In his Reply, Defendant focuses on the idea of a sentence "proportionate to his original sentence," and his calculation results in a sentence of "114 months, [which is] 6 months higher than 108 months and 21 months lower than 135 months." Def.'s Reply, ECF No. 255, at 1. Defendant notes however that there is a mandatory minimum of 120 months, and accordingly, he asks that the Court impose the mandatory minimum.

In considering the Defendant's request for a sentence reduction, this Court reviewed the nature and circumstances of the Defendant's criminal activity, the need for the sentence imposed,

the kinds of sentences and the sentencing range and the other factors set out in 18 U.S.C. Section 3553(a). The Court notes that Mr. Moses was not originally sentenced to the mandatory minimum of 120 months, or at the  very bottom of the 135 to 168 months' sentencing range, but he was sentenced instead to 144 months.  The Court acknowledges that Mr. Moses' criminal history was minimal, and he accepted responsibility for his misconduct.  Since his imprisonment, Mr. Moses has made positive strides by obtaining his GED and completing approximately 288 hours of educational courses as well as drug education.  Furthermore, during his incarceration, Mr. Moses has had only a few minor disciplinary infractions.[2]

The Court balances these factors against the serious nature and circumstances of Defendant's criminal activity, which included participation in a drug conspiracy whereby large quantities of cocaine [crack cocaine] were sold over an extended period of time, and possession and use of a firearm during the course of the conspiracy. Accordingly, this Court finds that a reduction of Mr. Moses' sentence to 124 months — midway between what the Defendant and the Government are requesting — is appropriate in this case.  An Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582 (c)(2) accompanies this Memorandum Opinion.


      DATED: December 4, 2019                     _____/s/_____
                                               COLLEEN KOLLAR-KOTELLY
                                               UNITED STATES DISTRICT JUDGE

---

[2] Information regarding Mr. Moses' educational courses and disciplinary infractions is based on information contained in the BOP database, which was provided to the Court by the Probation Office.